■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLYN SMITH, Appellant. [597 NYS2d 338] —Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered January 29, 1992, convicting defendant, after a jury trial, of grand larceny in the third degree, and sentencing him to a

term of 1½ to 4½ years, unanimously affirmed. The case is remitted to Supreme Court, New York County for further proceedings pursuant to CPL 460.50 (5).

There is no merit to defendant's argument that the evidence was not legally sufficient to establish that he obtained the complainant's money by "false pretenses" (Penal Law § 155.05 [2] [a]), i.e., by falsely representing, as a present fact *(see, People v Churchill,* 47 NY2d 151, 156), that his money was "in the market" thereby conveying that his company was financially sound and inducing the complainant to invest in it, when, in fact, defendant's company simply had no money. Moreover, even if defendant's own sworn account of the financial condition of his company in March 1989, offered in connection with his bankruptcy filing, does not conclusively establish that he meant to falsely convey that the checks he gave the complainant were good when drawn, it does serve to establish, when considered together with the complainant's testimony and the evidence that the checking account was closed, that defendant falsely represented that the checks were backed by an account. That defendant may have also used false promises neither detracts from the evidence that he used false pretenses, nor serves as a basis for claiming that his intentions were frustrated by his own ineptitude as a businessman. *(See, supra.)*

Defendant's claim of prosecutorial misconduct during summation is largely unpreserved, since on those occasions that defense counsel did object to the prosecutor's remarks that there was no evidence to contradict the People's case, he raised concerns unrelated to the argument on appeal that the prosecutor was making inappropriate comment on defendant's failure to produce evidence, and we decline to review in the interest of justice. Most of the other comments by the prosecutor challenged by defendant were plainly proper, and as for the rest, any possibility of prejudice was eliminated by either the court's timely action in sustaining counsel's objections or the court's instructions.

We have considered defendant's remaining claims and find them lacking in merit. Concur—Murphy, P. J., Rosenberger, Ross, Asch and Kassal, JJ.